IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED JAMES FOY, | No. CIV S-11-3262-MCE-CMK-P |
|     Plaintiff, | |
|   vs. | ORDER |
| VALLEJO POLICE DEPARTMENT, | |
|     Defendant. | |
|                               / | |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to stay these proceedings (Doc. 26). Plaintiff filed an opposition to the motion (Doc. 30).

        Plaintiff brings this civil rights action on the basis that the defendants violated his Constitutional rights by using excessive force against him during an arrest. Defendants request this court issue an order staying these proceedings until the underlying criminal proceedings in State court, the result of the arrest at issue in this action, are resolved. Defendants contend a stay is authorized under both Younger v. Harris, 401 U.S. 37 (1971), and Heck v. Humphreys, 512 U.S. 477 (1994).

/ / /

1

Federal courts are required to abstain from exercising jurisdiction over a case "under Younger if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." San Jose Silicon Valley Chamber of Commerce Political Action Comm v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing Gilbertson v. Albright, 381 F.3d 965, 978 (9th Cir. 2004); AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir 2007)).

Defendants argue a Younger stay, not dismissal, is appropriate because plaintiff is seeking monetary damages, not injunctive relief, and all of the Younger elements are met. See Motion to Stay (Doc. 26) at 4 (citing Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 721 (1996)). Defendants contend the Younger elements are met as the underlying criminal prosecution was initiated prior to this case, the underlying criminal prosecution implicates important State interest, and plaintiff will have an opportunity to raise any probable cause challenge and excessive force challenge in the State proceedings. In addition, they argue that plaintiff may raise his Fifth Amendment privilege in response to discovery questions in this case which could result in increased litigation costs.

In addition, defendants contend that even if a Younger stay is not applicable, a Heck stay is appropriate. Where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor).

1    "In evaluating whether claims are barred by Heck, an important touchstone is
2  whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he
3  has been convicted.'" Cunningham v. Gates, 312 F.3d 1148, 1154 (9th Cir. 2002) (citing Heck,
4  512 U.S. at 487 n.6). Where the conviction or arrest and the excessive force claim did not arise
5  from the same acts, the § 1983 case is not barred by Heck. See Smithart v. Towery, 79 F.3d 951,
6  952-53 (9th Cir. 1996).
7    Here, plaintiff is challenging the amount of force used by the officers during his
8  arrest. As defendants have informed the court, plaintiff is facing charges for robbery.[1] (See
9  Motion (Doc. 26), Exhibit A). There is no indication from the motion or exhibits before the
10 court that plaintiff has been charged with resisting arrest or any similar misconduct arising from
11 the arrest at issue in this action. The question of whether a § 1983 action is barred by Heck is
12 more difficult to answer where the plaintiff is facing charges of resisting arrest or similar conduct
13 arising from the same incident he is claiming excessive force, or if the plaintiff is alleging false
14 arrest or a similar claim. See Wallace v. Kato, 549 U.S. 384, 393-94 (2007). In such a situation,
15 a stay may be appropriate until such time as the underlying criminal proceedings are concluded,
16 at which time the court would be in a better position to evaluate whether the § 1983 action would
17 impugn any conviction resulting therefrom. See id. However, in this case, the facts surrounding
18 plaintiff's arrest are separate and distinct from the underlying criminal action against him for
19 robbery. If plaintiff was to prevail on his excessive force claim in this case, it would have no
20 bearing on the charges against him for robbery. Therefore, the undersigned does not find any
21 reason to grant a Heck stay.

---

[1] Defendants have requested the court take judicial notice of the criminal complaint filed against plaintiff in the Solano County Superior Court. The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967). Thus, defendants' request should be granted.

Similarly, a <u>Younger</u> stay is not applicable either.  Defendants may be correct in their assessment of the first three elements of the <u>Younger</u> abstention doctrine.  However, the fourth element is not addressed in the motion for a stay.  This fourth element, whether the federal court action would enjoin the state proceeding is not met. As discussed above, even if plaintiff were to prevail in this action, and it was determined that the defendants acted improperly during the arrest by using excessive force, that would have no impact on the state criminal proceedings against plaintiff on the charges of robbery.

Plaintiff is not challenging the legality of his arrest.  He does not claim lack of probable cause, or unlawful arrest.  He is simply challenging the defendants' actions during the arrest.  Such a challenge will have no impact on the state criminal proceedings.  To the extent defendants argue plaintiff may attempt to invoke his Fifth Amendment rights during discovery in this action, that does not appear to be an issue so far, nor does the court see that being an issue as the facts involved in this action are unrelated to the charges plaintiff faces in state court.  If, however, that issue does arise, defendants may bring it to the attention of the court at that time for reevaluation.

Accordingly, IT IS HEREBY ORDERED that defendants' motion for a stay (Doc. 26) is denied without prejudice.

DATED:  May 22, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE