**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

ALFRED JAMES FOY,                         No. CIV S-11-3262-MCE-CMK-P

        Plaintiff,

   vs.                                            <u>ORDER</u>

VALLEJO POLICE DEPARTMENT,

        Defendant.

_____/

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to stay these proceedings (Doc. 26).  Plaintiff filed an opposition to the motion (Doc. 30).

        Plaintiff brings this civil rights action on the basis that the defendants violated his Constitutional rights by using excessive force against him during an arrest.  Defendants request this court issue an order staying these proceedings until the underlying criminal proceedings in State court, the result of the arrest at issue in this action, are resolved.  Defendants contend a stay is authorized under both <u>Younger v. Harris</u>, 401 U.S. 37 (1971), and <u>Heck v. Humphreys</u>, 512 U.S. 477 (1994).

/ / /

1    Federal courts are required to abstain from exercising jurisdiction over a case

2 "under <u>Younger</u> if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the

3 proceeding implicates important state interests; (3) the federal plaintiff is not barred from

4 litigating federal constitutional issues in the state proceeding; and (4) the federal court action

5 would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the

6 state proceeding in a way that <u>Younger</u> disapproves." <u>San Jose Silicon Valley Chamber of

7 Commerce Political Action Comm v. City of San Jose</u>, 546 F.3d 1087, 1092 (9th Cir. 2008)

8 (citing <u>Gilbertson v. Albright</u>, 381 F.3d 965, 978 (9th Cir. 2004); <u>AmerisourceBergen Corp. v.

9 Roden</u>, 495 F.3d 1143, 1149 (9th Cir 2007)).

10    Defendants argue a <u>Younger</u> stay, not dismissal, is appropriate because plaintiff is

11 seeking monetary damages, not injunctive relief, and all of the <u>Younger</u> elements are met. <u>See</u>

12 Motion to Stay (Doc. 26) at 4 (citing <u>Quackenbush v. Allstate Insurance Co.</u>, 517 U.S. 706, 721

13 (1996). Defendants contend the <u>Younger</u> elements are met as the underlying criminal

14 prosecution was initiated prior to this case, the underlying criminal prosecution implicates

15 important State interest, and plaintiff will have an opportunity to raise any probable cause

16 challenge and excessive force challenge in the State proceedings. In addition, they argue that

17 plaintiff may raise his Fifth Amendment privilege in response to discovery questions in this case

18 which could result in increased litigation costs.

19    In addition, defendants contend that even if a <u>Younger</u> stay is not applicable, a

20 <u>Heck</u> stay is appropriate. Where a § 1983 action seeking monetary damages or declaratory relief

21 alleges constitutional violations which would necessarily imply the invalidity of the prisoner's

22 underlying conviction or sentence, such a claim is not cognizable under § 1983 unless the

23 conviction or sentence has first been invalidated on appeal, by habeas petition, or through some

24 similar proceeding. <u>See Heck v. Humphrey</u>, 512 U.S. 477, 483-84 (1994) (concluding that §

25 1983 claim not cognizable because allegations were akin to malicious prosecution action which

26 includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor).

1        "In evaluating whether claims are barred by <u>Heck</u>, an important touchstone is

2   whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he

3   has been convicted.'"  <u>Cunningham v. Gates</u>, 312 F.3d 1148, 1154 (9th Cir. 2002) (citing <u>Heck</u>,

4   512 U.S. at 487 n.6).  Where the conviction or arrest and the excessive force claim did not arise

5   from the same acts, the § 1983 case is not barred by <u>Heck</u>.  See <u>Smithart v. Towery</u>, 79 F.3d 951,

6   952-53 (9th Cir. 1996).

7        Here, plaintiff is challenging the amount of force used by the officers during his

8   arrest.  As defendants have informed the court, plaintiff is facing charges for robbery.[1]  (<u>See</u>

9   Motion (Doc. 26), Exhibit A).  There is no indication from the motion or exhibits before the

10  court that plaintiff has been charged with resisting arrest or any similar misconduct arising from

11  the arrest at issue in this action.  The question of whether a § 1983 action is barred by <u>Heck</u> is

12  more difficult to answer where the plaintiff is facing charges of resisting arrest or similar conduct

13  arising from the same incident he is claiming excessive force, or if the plaintiff is alleging false

14  arrest or a similar claim.  <u>See</u>  <u>Wallace v. Kato</u>, 549 U.S. 384, 393-94 (2007).  In such a situation,

15  a stay may be appropriate until such time as the underlying criminal proceedings are concluded,

16  at which time the court would be in a better position to evaluate whether the § 1983 action would

17  impugn any conviction resulting therefrom.  <u>See id.</u>  However, in this case, the facts surrounding

18  plaintiff's arrest are separate and distinct from the underlying criminal action against him for

19  robbery.  If plaintiff was to prevail on his excessive force claim in this case, it would have no

20  bearing on the charges against him for robbery.  Therefore, the undersigned does not find any

21  reason to grant a <u>Heck</u> stay.

22  _____

23        [1]        Defendants have requested the court take judicial notice of the criminal complaint
    filed against plaintiff in the Solano County Superior Court.  The court may take judicial notice
24  pursuant to Federal Rule of Evidence 201 of matters of public record.  <u>See</u> <u>U.S. v. 14.02 Acres of</u>
    <u>Land</u>, 530 F.3d 883, 894 (9th Cir. 2008).  Thus, this court may take judicial notice of state court
25  records, <u>see</u> <u>Kasey v. Molybdenum Corp. of America</u>, 336 F.2d 560, 563 (9th Cir. 1964), as well
    as its own records, <u>see</u> <u>Chandler v. U.S.</u>, 378 F.2d 906, 909 (9th Cir. 1967).  Thus, defendants'
26  request should be granted.

1        Similarly, a <u>Younger</u> stay is not applicable either.  Defendants may be correct in

2   their assessment of the first three elements of the <u>Younger</u> abstention doctrine.  However, the

3   fourth element is not addressed in the motion for a stay.  This fourth element, whether the federal

4   court action would enjoin the state proceeding is not met. As discussed above, even if plaintiff

5   were to prevail in this action, and it was determined that the defendants acted improperly during

6   the arrest by using excessive force, that would have no impact on the state criminal proceedings

7   against plaintiff on the charges of robbery.

8        Plaintiff is not challenging the legality of his arrest.  He does not claim lack of

9   probable cause, or unlawful arrest.  He is simply challenging the defendants' actions during the

10  arrest.  Such a challenge will have no impact on the state criminal proceedings.  To the extent

11  defendants argue plaintiff may attempt to invoke his Fifth Amendment rights during discovery in

12  this action, that does not appear to be an issue so far, nor does the court see that being an issue as

13  the facts involved in this action are unrelated to the charges plaintiff faces in state court.  If,

14  however, that issue does arise, defendants may bring it to the attention of the court at that time

15  for reevaluation.

16       Accordingly, IT IS HEREBY ORDERED that defendants' motion for a stay (Doc.

17  26) is denied without prejudice.

18

19   DATED:  May 22, 2013

20                                      _____

21                                      **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26