**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

ALFRED JAMES FOY,

Plaintiff,

vs.

VALLEJO POLICE DEPARTMENT,

Defendant.

_______________________________/

No. CIV S-11-3262-MCE-CMK-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to compel[1] (Doc. 31).

Plaintiff is requesting the court compel the defendants to provide supplemental responses to his request for initial disclosures. He argues the defendants' objections to his requests were deficient and evasive.

Defendants argue in opposition that plaintiff failed to meet and confer prior to bringing this motion, and plaintiff's discovery requests were propounded under the wrong Rule and were therefore improper. In addition, defendants argue the information requested is not

[1] The court notes the defense has also filed a motion to compel, which will be addressed by separate order.

discoverable.

Generally, discovery may be obtained "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . ." Fed. R. Civ. P. 26(b)(1). A motion to compel may be brought where the answers provided in response to a discovery request are evasive or incomplete. See Fed. R. Civ. Proc. 37(a)(3)(B), (4).

Here, plaintiff apparently attempted to engage the defendants in discovery by way of requesting initial disclosures pursuant to Rule 26(a). As the defense points out, "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" is exempt from initial disclosures. Fed. R. Civ. Proc. 26(a)(1)(B)(iii). Plaintiff's attempts to obtain discovery under this rule therefore are inappropriate.

The court finds the discovery requests under Rule 26's requirement for initial disclosure inappropriate. Thus, the motion to compel will be denied on that basis. Plaintiff will, however, be provided an opportunity to propound discovery requests under the appropriate rule. For example, if plaintiff seeks production of documents pursuant to Rule 34, he should propound specific requests pursuant to that Rule.

In addition, the court cautions plaintiff as to the discovery he requests. In an apparent attempt to comply with plaintiff's original request, defendants responded to plaintiff that his requests were unclear, overbroad, and requested privilege information. The specific objections are not addressed in this order as it is not necessary. However, the court notes that at least to some extent, the defendants' objections would likely be sustained. As the defense argues, a request for all complaints against all officers may be overbroad and have relevancy issues. To the extent plaintiff is requesting documents pertaining to individuals other than the defendants to this action, those documents would not likely be discoverable. Therefore, plaintiff would be advised to tailor his requests to requesting those documents related to his claims in this case.

/ / /

Finally, the court notes that the defense requests the court issue a protective order for documents ordered produced. As no documents are being ordered produced at this time, that request is moot. However, the parties are advised that if a new request for production of documents is propounded, and a protective order is necessary, the parties shall attempt to resolve that issue prior to bringing it to the court's attention. If a protective order is necessary, the appropriate motion should be filed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (Doc. 31) is denied;

2. The parties may propound additional discovery requests within the next 60 days;

3. Any discovery requests propounded within the next 60 days shall be responded to according to the time set forth in the scheduling order, 45 days after the request is sent; and

4. Any necessary motion to compel shall be filed within 15 days after the response deadline.

DATED: September 30, 2013

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE