IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED JAMES FOY, | No. 2:11-cv-3262-MCE-CMK-P |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| VALLEJO POLICE DEPARTMENT, | |
| Defendant. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's motion to compel (Doc. 36) and request to modify the current scheduling order (Doc. 46). Plaintiff filed an opposition to the motion (Doc. 43) and defendant filed a reply (Doc. 44).

In the motion to compel, defendant argues that discovery was propounded on plaintiff, including a request for production of documents and interrogatories. Pursuant to the court's scheduling order, responses to the discovery requests were due 45 days after service. However, defendant states no responses were received. Plaintiff apparently attempted a meet and confer through the use of a non-attorney representative, to which the defendant objected.

///

1   The scope of discovery is generally governed by Federal Rule of Civil Procedure
2   26(b). Rule 26(b)(1) provides that "the scope of discovery is as follows: Parties may obtain
3   discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .
4   Relevant information need not be admissible at the trial if the discovery appears reasonably
5   calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Rule 37
6   provides that if a party fails to respond to discovery requests, the propounding party may move
7   for an order compelling an answer. See Fed. R. Civ. Proc. 37(a)(3)(B). Generally, discovery
8   responses are due within 30 days after being served, unless otherwise ordered by the court. See
9   e.g., Fed. R. Civ. Proc. 33(b)(2), 36(a)(3). Here, pursuant to the scheduling order issued
10  September 4, 2012, the court has allowed 45 days for responses, due to plaintiff's incarceration.
11          Plaintiff opposes the motion to compel solely on the grounds that defendant failed
12  to engage in meaningful meet and confer attempts with his legal assistant. Defendant argues that
13  so doing would have been tantamount to aiding in the unauthorized practice of law.
14          Generally in civil litigation, where there is a discovery dispute the parties are
15  required to engage in a good faith effort to confer on the disputed issues. See Fed. R. Civil Proc.
16  37(a)(1). Indeed, the Eastern District of California Local Rules set forth specific meet and confer
17  requirements the parties must meet prior to bringing a motion to compel. See Local Rule 251.
18  However, in this court, where one party is a prisoner proceeding in propria persona the parties are
19  usually exempt from that requirement. See e.g., Harpool v. Beyer, No. CIV S-10-1253 MCE
20  GGH P, 2011 WL 5103041 (E.D. Cal. Oct. 25, 2011). In this case, the scheduling order issued
21  September 4, 2012, specifically exempts the parties from Local Rule 251, including the meet and
22  confer requirements. Thus, defendant's failure to confer with plaintiff in a good faith attempt to
23  resolve the conflict is not a sufficient basis for denying the motion to compel.
24          As for plaintiff's failure to provide responses to the interrogatories and produce
25  the documents requested, plaintiff will be required to provide defendant with appropriate
26  responses. Having not provided timely responses, plaintiff has waived any objection he may

have to the requests propounded.  <u>See</u> Fed. R. Civ. Proc 33(b)(4).  Plaintiff is warned that his failure to comply with this order and provide defendants will full and complete responses to the discovery requests may result in sanctions, including the dismissal of this action for his failure to participate.  Defendants cannot be required to defend this action where plaintiff refuses to follow court orders and the Federal Rules of Civil Procedure.  While the court acknowledges that plaintiff is proceeding pro se, that does not excuse his failure to provide appropriate responses.  "Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."  <u>Ghazali v. Moran</u>, 46 F.3d 52, 54 (9th Cir. 1995) (citing <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987)).

   Pursuant to the current scheduling order, the time for discovery has expired.  The court previously extended the deadline for the parties to propound additional discovery following proper procedure.  That deadline has now past. If plaintiff did propound additional discovery, responses thereto will be due within a short amount of time.  If he did not propound additional discovery, his time for so doing has now passed.  As this order again extends some discovery deadlines, to the extent plaintiff is required to respond to the outstanding discovery requests propounded by the defendant, the court agrees the other deadlines in the scheduling order require modification.

   Therefore, plaintiff is required to submit full and adequate responses to the outstanding discovery within 30 days of the date of this order.  If no response, or inadequate response, is received by the defendants, a renewed motion to compel and/or for sanctions may be filed within 14 days after the date the responses are due.  If adequate responses are received, and no renewed motion is required, any dispositive motion shall be filed within 90 days of the date of this order.  If a renewed motion is necessary, the dispositive motion deadline will be addressed thereafter, if required.

   Accordingly, IT IS HEREBY ORDERED that:

   1. Defendant's motion to compel (Doc. 36) is granted;

3

      2.      Plaintiff shall, within 30 days of the date of this order, serve his responses to the defendant's request for production of documents and interrogatories on defendant without objections;

      3.      Failure to serve full and complete responses to the pending discovery requests may result in sanctions, including the dismissal of this action for plaintiff's failure to follow court orders and prosecute his case;

      4.      If no response is received, or if an inadequate response is received from plaintiff, defendant may file a renewed motion to compel and/or for sanctions within 14 days of the date the discovery responses are due;

      6.      Defendant's motion to an extension of the deadlines in the scheduling order (Doc. 46) is granted;

      7.      The scheduling order is modified so that any dispositive motion shall be filed within 90 days of the date of this order.

DATED: January 2, 2014

                                            **CRAIG M. KELLISON**
                                           UNITED STATES MAGISTRATE JUDGE