1
2
3
4
5
6
7
8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10
11   ALFRED JAMES FOY,                        No. 2:11-cv-3262-MCE-CMK-P

12            Plaintiff,

13        vs.                                  ORDER

14   VALLEJO POLICE DEPARTMENT,

15            Defendant.

16   _____/

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

18   U.S.C. § 1983.  Pending before the court is plaintiff's motion for extension of time (Doc. 56),

19   plaintiff's motion to compel (Doc. 57) and defendants' motion for protective order (Doc. 62).

20            **Plaintiff's Motion for Extension of Time**

21            Plaintiff first filed a motion requesting additional time in which to file his motion

22   to compel.  The court previously modified the scheduling order to allow the parties to engage in

23   additional discovery.  As set forth in the court's prior order, any motion to compel was to be filed

24   within 15 days after the response to the propounded discovery was due.  Plaintiff's request is for

25   an additional 15 days.  Plaintiff requests the additional time in order for his non-attorney

26   assistant, Frederick Cooley, to have sufficient time to properly prepare the motion.  Defendants

oppose the motion on the grounds that no good cause has been shown.

Pursuant to the court's prior order, the parties were allowed to propound additional discovery for 60 days, or until November 29, 2013. Plaintiff propounded his requests on November 12, 2013. Answers to these newly propounded discovery were then due 45 days later, or December 27, 2013. Any necessary motions to compel were then to be filed within 15 days of the response deadline, or by January 13, 2014 (given the weekend deadline). Plaintiff filed his motion to an extension of time on January 10, 2014.

The undersigned notes that the defendants' responses were served[1] on plaintiff December 20, 2013, seven days prior to the deadline, providing plaintiff with 22 days to respond, instead of the original 15 as contemplated by the court. Regardless, plaintiff states he then requested Mr. Cooley's assistance in preparing a motion to compel, and that he met with Mr. Cooley on January 6, 2014, who indicated the need for additional time. Other then stating Mr. Cooley was not able to prepare the motion within the time the court provided, plaintiff provides no reason for the court to grant the motion.

Mr. Cooley also submitted a declaration in support of plaintiff's motion. In his declaration, Mr. Cooley simply states he was incapable of properly preparing the motion within the time the court provided. In addition, Mr. Cooley states his assumption that the Court has no reason to discontinue his assistance to plaintiff.

Rule 6(b) of the Federal Rules of Civil Procedure provides that upon good cause, the court may extend the a deadline. Good cause generally means a substantial reason. Here, plaintiff provides no reason for the court to evaluate to determine if good cause exists. He simply states he does not know how to properly prepare a motion to compel, and the individual he asked assistance of needed more time than was provided. The undersigned does not see a reason set forth in this apparent explanation. While the court understands that plaintiff is

---

[1] Although plaintiff states that he did not actually receive the responses until December 30, 2013, due to the holidays.

1   proceeding in pro per, that does not excuse the necessity of providing good cause for his request.

2   Relying on Mr. Cooley, who is not an attorney and is not representing plaintiff, is not in itself

3   good cause for the court to provide additional time to do as was ordered.  Plaintiff was aware that

4   he would have 15 days from the date the responses were due to file this motion.  He had

5   previously requested almost the same documents, and received essentially the same objections

6   from the defendants as to his current request, as he did with his prior discovery requests.  He was

7   therefore on notice that the defendants would object to the documents requested.  He could have

8   taken advantage of the 45 days the defendants had to respond to his discovery requests, and

9   familiarized himself with the proper procedure for filing a motion to compel.  His failure to do so,

10  so, or to request additional time prior to the deadline for filing his motion, is insufficient reason

11  to grant his belated request.

12          As far as Mr. Cooley's assumption that the court has no legal reason to object to

13  his assisting plaintiff, that issue is not directly before the court.  Mr. Cooley, who is not an

14  attorney, cannot legally represent plaintiff in this action.  See Johns v. County of San Diego, 114

15  F.3d 874, 876–877 (9th Cir.1997) (explaining that a non-attorney may appear pro se on his own

16  behalf but has no authority to appear as an attorney for others).   That means that Mr. Cooley

17  cannot sign any documents on behalf off plaintiff, cannot speak for plaintiff, and cannot appear

18  before the court on plaintiff's behalf.  Indeed, as a non-attorney, Mr. Cooley cannot legally

19  provide legal advice to plaintiff.  However, thus far, plaintiff has signed all of the documents that

20  have been filed with the court, so the court has had no reason to censure plaintiff.

21          Accordingly, the undersigned finds no good cause to extend the deadline to file

22  the motion to compel.  Plaintiff's motion (Doc. 56) is therefore denied.

23                      **Plaintiff's Motion to Compel**

24          Plaintiff brings this motion to compel in an attempt to obtain further responses to

25  his requests for production of documents, and interrogatories.  He claims the responses provided

26  were incomplete, deficient and evasive.  Defendants object to the motion to compel on numerous

grounds, including the timeliness of the motion, that the discovery requests were not signed by plaintiff who is proceeding in propria persona, and that appropriate responses were provided.

As discussed above, with no good cause shown to extend the deadline, plaintiff's motion to compel will be denied as untimely.  However, if the merits of the motion were to be considered, defendants' objections would be sustained, specifically, based on plaintiff's failure to sign the requests.

Defendants object to the requests on the basis that Mr. Cooley signed the discovery requests on behalf of plaintiff.  As discussed above, as a non-attorney, Mr. Cooley cannot sign any documents pertaining to this action on plaintiff's behalf .  Defendants' objection thereto is a valid objection.  Rule 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record . . . – or by a party personally if the party is unrepresented."  There is an exception in Rule 11 as to discovery.  However, the rules governing discovery have the same requirement.  Rule 26(g) states "every discovery request, response, or objection must be signed by at least one attorney of record . . . – or by the party personally, if unrepresented . . . ." An opposing party has no duty to act on an unsigned request until it is signed and the court must strike it unless a signature is promptly supplied after the omission is called to the party's attention.

Here, plaintiff attempted to cure the noted defect by providing a declaration indicating that it was his intention to propound the discovery requests personally.  This attempted cure is insufficient.  First, plaintiff should have resigned the requests and reserved them, prior to the defendants having the obligation to respond.  This was not done.  Even if it had been done, plaintiff's requests would have been untimely.  Plaintiff has been put on notice several times, based on the defendants' continued objections to Mr. Cooley's attempts to act as plaintiff's representative, that he was required to act on his own behalf.  This would include signing the discovery requests propounded.  Plaintiff has been cautioned by the court of his need to follow the Federal Rules of Civil Procedure, despite his pro per status.

1    Accordingly, the undersigned finds plaintiff's motion to compel untimely, and is

2  denied as such.  However, even if the undersigned were to address the merits of the motion, the

3  undersigned would sustain defendants' objections and deny the motion.

4    **Defendants' Motion for Protective Order**

5    Finally, defendants' motion for protective order is unnecessary as the underlying

6  motion to compel is denied.

7    Based on the above, IT IS HEREBY ORDERED that:

8    1.    Plaintiff's motion for an extension of time (Doc. 56) is denied;

9    2.    Plaintiff's motion to compel (Doc. 57) is denied as untimely; and

10    3.    Defendants' motion for protective order (Doc. 62) is denied as

11        unnecessary.

12

13  DATED:  September 29, 2014

14

15                                          **CRAIG M. KELLISON**
                                             UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26