IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED JAMES FOY, | No. 2:11-cv-3262-MCE-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| VALLEJO POLICE DEPARTMENT, | |
| Defendant. | |
| _____/ | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are defendants City of Vallejo and Williams' motions for partial summary judgment (Docs. 72, 73).   Plaintiff filed an opposition to the motions (Doc. 74), and defendants filed a reply thereto (Docs. 75, 76).

**I.  BACKGROUND**

**A.**    **Plaintiff's Allegations**

      This case proceeds on plaintiff's amended complaint (Doc. 9).  In his amended complaint, plaintiff alleges he was subjected to the use of excessive force by several officers from both the Vallejo Police Department and the Fairfield Police Department. He claims that officer Whitney used his Taser gun without provocation; officer Yates directed a K-9 unit to bite

1

plaintiff when he was already down and not resisting; officers Whitney, Bauer, Huff, and Williams, then proceeded to kick and beat plaintiff until he became unconscious. In addition, plaintiff claims the Vallejo Police Department has "a deliberate policy which has violated plaintiff's constitutional rights to be free of excessive police force."

**B.    Defendants' Evidence**

Defendants submitted statements of undisputed fact in support of their motions for summary judgment. The statement of undisputed facts is supported by declarations from defendant Williams, as well as declarations from defense counsel Kevin Gilbert and Kelly Trujillo. The relevant evidence is summarized below:

Declaration of Defendant Williams

- Defendant Williams declares that he is a police officer with the City of Fairfield

- On November 18, 2011, defendant Williams was assigned to partner with officers from the City of Vallejo; he was partnered with officer Huff.

- While dispatched on assignment, he observed plaintiff, and pursued plaintiff on foot.

- While pursuing plaintiff on foot, defendant Williams yelled for plaintiff to stop, identifying himself as a police officer; plaintiff proceeded to jump a fence.

- Defendant Williams was not present at the time plaintiff was confronted or arrested by other officers.

- Defendant Williams did not ever have any physical contact with plaintiff in regards to the November 18, 2011, incident.

Declaration of Kevin Gilbert

- Mr. Gilbert, attorney for defendant Williams, provides copies of police reports for the incident plaintiff's claim is based on.

Declaration of Kelly Trujillo

- Ms. Trujillo, attorney for the City of Vallejo, provides plaintiff's responses to interrogatories in support of the City's motion.

- Plaintiff's responses to the interrogatories indicate that plaintiff's claim against the City of Vallejo is based on his discussion with other inmates he

met during his incarceration who claimed they suffered injuries due to excessive use of force by Vallejo Police Officers, where no need for force was warranted.

C. **Plaintiff's Evidence**

Plaintiff contends there is a genuine issue of material facts as to whether defendant Williams was involved in the use of force against him. In support of his claims, plaintiff signed a declaration indicating the following event occurred:

- At the time of the incident, plaintiff attempted to prevent an encounter with the officers, and ran.
- Defendant Williams pursued plaintiff on foot.
- Plaintiff voluntarily surrendered, getting down on his knees and placing his hands behind his head.
- Defendant Whitney deployed a taser in dart mode, hitting him in the left arm/wrist, which caused him to fall face down.
- Defendant Yates deployed a K-9 officer, who bit plaintiff in the right leg while he laid on the ground paralyzed.
- Defendants Whitney, Bauer, Huff, and Williams then proceeded to kick and beat plaintiff with their service batons, knocking plaintiff unconscious.
- Plaintiff has no documentary evidence as the City of Vallejo, because he was unsuccessful in obtaining it through discovery.

To the extent plaintiff is asking for additional time to obtain the necessary evidence to support his claims under Rule 56(d), plaintiff's motion to compel and for additional discovery has already been denied. Plaintiff fails to provide any reasons, much less good cause, why he was unable to obtain the evidence he needed during discovery, and especially why he was unable to obtain the affidavits or declarations from the individuals who claim to also have been subjected to excessive force. He does not outline any steps he has taken to contact those individuals, explain why he did not obtain affidavits from them during the six months he was incarcerated with them or anytime during the more than three years this action has been active, and how he could obtain them if provided additional time in which to do so. In fact, he states

one of the individuals he would like to obtain an affidavit from is Mr. Cooley, who has been assisting plaintiff in this matter. However, there is not even an affidavit from Mr. Cooley included in the opposition to the motion for summary judgment, and no explanation for that failure. The undersigned therefore finds no good reason why to delay ruling on the motions for summary judgment based on Rule 56(d).

**D.   Undisputed Facts**

From the submitted declarations and evidence, there is no dispute that defendant Williams was involved in the pursuit of plaintiff on the date of the incident. Defendant Williams states in his declaration that as a Fairfield Police Officer, he was assigned to work with the Vallejo Police and was partnered with defendant Huff the night in question. He pursued plaintiff on foot when plaintiff attempted to run from the officers. However, that is the extent of the undisputed facts as to defendant Williams' involvement in plaintiff's arrest. In addition, there is no dispute that plaintiff's claim against the City of Vallejo is based on his conversations with other inmates, and he has no evidence in support of his claim that the City of Vallejo has a policy supporting the use of excessive force.

## II. STANDARD FOR SUMMARY JUDGMENT

The Federal Rules of Civil Procedure provide for summary judgment or summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The standard for summary judgment and summary adjudication is the same. See Fed. R. Civ. P. 56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Under summary judgment practice, the moving party:

///

always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id. at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). To demonstrate that an issue is genuine, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted). It is sufficient that "the claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. See Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, see Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed

before the court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251.

### III.  DISCUSSION

**A.    City of Vallejo**

Plaintiff alleges the City of Vallejo has a custom or policy supporting the use of excessive force by the police officers. In his amended complaint, plaintiff specifically alleges that "[t]he City of Vallejo has a deliberate policy which has violated plaintiff's Constitutional rights to be free of excessive police force." (Am. Compl., Doc. 9 at 3). Defendants' move for summary judgment on plaintiff's claim against the City of Vallejo on the basis that plaintiff's Monell claim is undisputedly unsupported by any facts or admissible evidence. This position is supported by plaintiff's responses to interrogatories. Specifically, defendants propounded interrogatory number 12, which asked plaintiff to "[d]escribe all facts and circumstances to support your claim that 'the City of Vallejo has a deliberate policy which has violated plaintiff's constitutional right to be free from excessive police force' as stated in paragraph III.B. of your COMPLAINT." (Motion, Doc. 73). In response, plaintiff stated, "[s]ubsequent to my arrest I was incarcerated in the Solano County Detention Center's Medical section for approximately six months due to my injuries. During that time I met over forty different arrestees that sustained injuries due to the excessive use of force by Vallejo Police Officers. All arrestees claimed there was no need for force to cause the injuries as I do." (Motion, Doc. 73).

///

Defendant City of Vallejo moves for summary judgment on the basis that there is no genuine dispute of material facts, and plaintiff has failed to produce any evidence that the City of Vallejo has a longstanding practice of allowing excessive force.  Plaintiff's vague references to alleged incidents of excessive force is insufficient to establish a custom or policy.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dept. of Social Servs, 436 U.S. 658, 694 (1978).

In order to establish municipal liability, plaintiff must satisfy one of three conditions:

> First, the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity. Second, the plaintiff may establish that the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself thus constituted an act of official governmental policy. Whether a particular official has final policy-making authority is a question of state law. Third, the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it.

Gillette v. Delmore, 979 F.2d 1342, 1346–47 (9th Cir.1992) (citations and internal quotations omitted), cert. denied, 510 U.S. 932 (1993).  "After proving that one of the three circumstances existed, a plaintiff must also show that the circumstance was (1) the cause in fact and (2) the proximate cause of the constitutional deprivation."  Trevino v. Gates, 99 F.3d 911, 918 (1996) (citing Arnold v. International Business Machines Corp., 637 F.2d 1350, 1355 (9th Cir.1981).

A plaintiff seeking to impose liability on a municipality due to an official policy must establish the existence of a formal policy pursuant to which the defendant was acting when he or she violated the plaintiff's rights.  See Trevino, 99 F.3d at 918.  "[A]n unjustified shooting

by a police officer cannot, without more, be thought to result from official policy." City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 821 (1985)).

Here, plaintiff has failed to identify any formally adopted policy of the City of Vallejo that caused the alleged excessive use of force during his arrest.  It would therefore appear that the basis of this claim is some type of alleged longstanding practice or custom.  However, a longstanding practice or custom "must be so 'persistent and widespread' that it constitutes a 'permanent and well settled city policy.'" Trevino, 99 F.3d at 918 (quoting Monell, 436 U.S. at 691).  But again, plaintiff offers no evidence or explanation of any longstanding practice or custom that was the cause of the officer's use of excessive force as alleged.  Accordingly, there is insufficient evidence for a finder of fact to find that plaintiff was subjected to the use of excessive force during his arrest based on an official policy or longstanding practice or custom of the City of Vallejo.  Municipal liability, therefore, may not be established on this basis.  The final basis of municipal liability cannot be established, because the only defendants to this action are individual police officers.  There are no allegations in this case which could lead to a finding that an official with final policy-making authority for the City of Vallejo acted in such a way to violate plaintiff's constitutional rights.

While the question of whether a policy or custom exists might normally be a question of fact for the jury, plaintiff fails to provide any evidence to support his claim that the City of Vallejo had a policy or custom the officers were acting in accordance with during his arrest, authorizing the use of excessive force in violation of plaintiff's constitutional rights.  Even if plaintiff is successful in his claims against the officers, and he is able to show the officers used excessive force against him during his arrest, a single, isolated occasion is simply not enough to show a persistent and widespread custom or policy.  And plaintiff fails to present any evidence or specific facts as to any other similar incidents.  The City of Vallejo has met its burden of informing the court and plaintiff as to the basis for its motion.  The burden then shifts to plaintiff

to provide sufficient evidence to establish a genuine issue of material fact as to each element essential to his claim. Plaintiff fails to provide any evidence, much less sufficient evidence, to show the court that there is a genuine issue of material fact. Thus, plaintiff fails to meet his burden, and entry of summary judgment is appropriate as to the City of Vallejo.

B.     **Defendant Williams**

In his amended complaint, plaintiff alleges defendant Williams was one of the police officers involved in his arrest, who personally participated in the use of excessive force.

Under the Fourth Amendment, police may use only such force as is objectively reasonable under the circumstances. Graham v. Connor, 490 U.S. 386, 397 (1989). "Excessive force claims . . . are evaluated for objective reasonableness based upon the information the officer had when the conduct occurred." Saucier v. Katz, 533 U.S. 194 (2001). The determination of whether force used is excessive or reasonable requires a "balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Graham, 490 U.S. at 396 (quoting Tennessee v. Garner, 471 U.S. 1, 8 (1985) (internal marks omitted)). The most important single factor is whether the individual poses an immediate threat to the safety of the officers or others. See Chew v. Gates, 27 F.3d 1432, 1441 (9th Cir. 1994).

Here, defendant Williams contends he is entitled to summary judgment on the basis that he was not involved in the take down and arrest of plaintiff. In support of his position, he has submitted his declaration and Vallejo Police Department records which support his position that while involved in the pursuit of plaintiff, he was not an active participant in plaintiff's actual arrest.

In response, plaintiff has submitted his own declaration that counters defendant Williams' statements. In direct conflict with defendant Williams' statements, plaintiff states in his declaration that defendant Williams was personally involved in his arrest and participated in the use of excessive force by kicking and hitting plaintiff after he was down.

Defendant Williams argues that plaintiff's one sentence declaration as to his alleged involvement in the arrest and use of force is insufficient to prevail on a summary judgment motion.  However, in a case such as this, where a prisoner plaintiff is proceeding in pro se, the court must liberally construe all of plaintiff's pleadings and declarations.  While no doubt minimal in comparison to the support defendant Williams' declaration has in the police reports, plaintiff's statement that he actually witnessed defendant Williams kick and hit him during the arrest raises enough of a question to establish a genuine issue of material fact for a jury to consider.  Accordingly, entry of summary judgment in favor of defendant Williams is not appropriate.

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendant City of Vallejo's motion for summary judgment (Doc. 73) be granted;

2. Defendant Williams' motion for summary judgment (Doc. 72) should be denied;

3. Judgment should be entered in favor of defendant City of Vallejo only; and

4. This action continue as to defendants Williams, Bauer, Huff, Whitney and Yates.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED:  March 3, 2015

                                               _____
                                               **CRAIG M. KELLISON**
                                               UNITED STATES MAGISTRATE JUDGE