IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED JAMES FOY, | No. 2:11-cv-3262-MCE-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| VALLEJO POLICE DEPARTMENT, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On June 8, 2016, the court directed plaintiff to file a pre-trial statement on or before July 18, 2016. Plaintiff was warned that failure to comply with that order may result in appropriate sanctions, including dismissal of the entire action. See Local Rule 110. To date, plaintiff has not complied.[1]

/ / /

---

[1] Although it appears from the file that the order was returned, the parties were properly served. It is the responsibility of the parties to keep the court apprised of their address of record *at all times*. This includes situations where a party may be temporarily housed at an alternate location. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

1    The court must weigh five factors before imposing the harsh sanction of
2    dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.
3    U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's
4    interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
5    the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
6    their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,
7    46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an
8    appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
9    See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
10   appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
11   1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to
12   comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,
13   1260-61 (9th Cir. 1992).
14   Having considered these factors, and in light of plaintiff's failure to file a pre-trail
15   statement as directed, the court finds that dismissal of this action is appropriate.[2]
16   Based on the foregoing, the undersigned recommends that this action be
17   dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and
18   orders.
19   These findings and recommendations are submitted to the United States District
20   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
21   after being served with these findings and recommendations, any party may file written
22   / / /
23   / / /

---

[2] Defendants' pre-trial statement is currently due on or before August 8, 2016. However, until the court obtains a response from plaintiff, defendants need not file a pre-trial statement.  The deadline for defendants' pre-trail statement is therefore vacated, and will be reset if necessary.

1  objections with the court.  Responses to objections shall be filed within 14 days after service of
2  objections.  Failure to file objections within the specified time may waive the right to appeal.
3  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED:  August 5, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE